Filed 11/13/24  P. v. Banuelos CA3

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099772 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F05444) |
| v. | |
| RUBEN ANTONIO BANUELOS, | |
| Defendant and Appellant. | |

A jury found defendant Ruben Antonio Banuelos guilty of second degree murder and being a felon in possession of a firearm.  The jury also found true that Banuelos had suffered a prior strike conviction.  The trial court sentenced Banuelos to an aggregate term of 51 years to life.

Approximately 22 years after sentencing, California's Department of Corrections and Rehabilitation (CDCR) recommended that the trial court recall Banuelos' sentence

1

under Penal Code section 1170, subdivision (d).[1]  The trial court denied the Secretary of CDCR's (Secretary) recommendation.  In 2022, we reversed the trial court's ruling and remanded it back to the trial court to reconsider the request in light of recently enacted legislation.  (*People v. Banuelos* (Nov. 21, 2022, C094509) [nonpub. opn.].)  On remand, the trial court again denied the request, and Banuelos appeals.  We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

We take some of the facts from the unpublished opinion we issued in 2022 reversing the first order denying the Secretary's recommendation to recall and resentence Banuelos (*People v. Banuelos, supra*, C094509).[2]

"In 1997, defendant shot and killed S.P. outside of a billiards room because he thought S.P. was 'hitting on' his girlfriend.  In 1998, a jury found defendant guilty of second degree murder with a firearm (Pen. Code, §§ 187, 667, subd. (e)(1)) (undesignated statutory references are to the Penal Code) and being a felon in possession of a firearm (§ 12021, subd. (a)).  The trial court sustained a firearm enhancement (§ 12022, subd. (a)) and a prior felony conviction enhancement (§ 667, subd. (a)), and sentenced defendant to 30 years to life for the murder conviction, 15 years for the prior felony conviction and firearm enhancements, and six years for being a felon in possession of a firearm.

"The CDCR filed a letter with the trial court on September 8, 2020, which recommended the court recall defendant's 1998 sentence and resentence him under former section 1170, subdivision (d)(1).  In its recommendation, the CDCR recounted

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     We also granted Banuelos' request to incorporate the appellate record in case No. C094509 into the record for the present appeal.  We provide this summary of facts from the prior opinion in reversing the first order denying the Secretary's recommendation to recall and resentence solely for context.  We do not rely on these facts for our analysis or disposition here.  (§ 1172.6, subd. (d)(3).)

defendant's positive participation in rehabilitative programming; lack of serious disciplinary history in the preceding six years; 45 laudatory achievements and programming accomplishments, noteworthy educational performance; and positive impact with youth offenders.

"In response to the CDCR's recommendation, the court gave notice to defendant, appointed counsel, permitted briefing from the parties; and heard argument. . . . [¶] . . . Consequently, the trial court decided that recalling Banuelos' sentence would not be in the interest of justice." (*People v. Banuelos, supra*, C094509.)

Banuelos appealed, and on November 21, 2022, this court remanded the case to the superior court for reconsideration in light of recently enacted legislation that clarified procedures when the CDCR recommends recall and resentencing. Following remand, the trial court asked both parties to prepare briefing on the issue and submit any evidence they deemed appropriate.

In a brief filed in support of the Secretary's request to recall Banuelos' sentence, Banuelos' counsel argued that there was no evidence to suggest that he would commit a super strike or pose a danger to public safety.

On October 13, 2023, and October 23, 2023, the matter was before the court for argument and decision on the request to recall the sentence and resentence Banuelos. After commending Banuelos for participating in various prison programs and following prison rules, the trial noted that Banuelos had entered prison as a "violent recidivist." "[F]or his first 13 or so years in prison, he did very little, if anything at all, to even as much as indicate a willingness to change, let alone make any meaningful efforts. [¶] . . . [¶] From 1998 to 2016, he received rule violations and/or counseling Chronos, a total of 31 times for nonconforming behavior, including a serious rule violation in 2014." From 1993 to 1997, he was found to have violated the terms of his probation eight times. When he was convicted of second degree murder, he was already on probation for other crimes, and committing new crimes while on probation. He was also an active Norteño

gang member.  Once Banuelos was delivered to prison, he was still identifying as a gang member.

Therefore, the trial court concluded, "[t]he totality of the record on balance leads this Court to infer and find that 52-year-old Mr. Banuelos presents an unreasonable risk of danger to public safety, as defined in Penal Code Section 1170.18(c), at this time, based on his overall record from age 18 to 46, despite his stellar record more recently." The resentencing request was denied on that basis.

Notice of appeal was filed on October 26, 2023.

## DISCUSSION

Banuelos contends that the record does not support the trial court's finding that he is a continued unreasonable risk of danger to public safety, and the trial court abused its discretion by declining to resentence him based on the Secretary's recommendation.

The People respond that the trial court found Banuelos posed a current unreasonable risk of danger to public safety based on his history of offenses, thus overcoming the presumption pursuant to section 1172.1, subdivision (b)(2).

A. *Standard of Review*

We review the trial court's discretionary resentencing determinations for abuse of discretion.  (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.)  The trial court abuses its sentencing discretion when its decision is arbitrary or capricious, inconsistent with the letter and spirit of the law, or based on circumstances that constitute an improper basis for the decision.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

B. *Legal Background*

Upon the recommendation of the Secretary, the trial court may "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."  (§ 1172.1, subd. (a)(1).)  "In recalling and resentencing pursuant to this provision, the court shall

4

consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(5).)

Where, as in this case, the Secretary recommends resentencing, "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety." (§ 1172.1, subd. (b)(2).) An " 'unreasonable risk of danger to public safety' " is "an unreasonable risk that [the defendant] will commit a new violent felony." (§ 1170.18, subd. (c).) The term "violent felony" includes "[a]ny homicide offense, including any attempted homicide offense," and "[a]ny serious or violent felony offense punishable . . . by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(IV), (VIII).) This "subdivision of section 667 identifies eight types of particularly serious or violent felonies, known colloquially as 'super strikes.' "[3] (*People v. Valencia* (2017) 3 Cal.5th 347, 351.)

---

[3] The eight types of felonies or super strikes are: "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age and more than 10 years younger than the defendant as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than the defendant as defined by Section 286, or sexual penetration with another person who is under 14 years of age and more than 10 years younger than the defendant, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machinegun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section

The presumption favoring recall evinces the Legislature's intent that trial courts generally accept the Secretary's recommendations. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)

The court also "shall . . . apply any changes in law that reduce sentences or provide for judicial discretion . . . ." (§ 1172.1, subd. (a)(2).)

C. *Analysis*

Banuelos concedes that the trial court "applied the correct legal standard" and considered the factors it was supposed to consider. The question on appeal is thus whether the trial court's finding that Banuelos currently poses an unreasonable risk of danger to public safety is supported by the record.

We find the trial court acted within its discretion in declining to recall Banuelos' sentence and resentence him based on its finding that he posed an unreasonable risk of danger to public safety, and that its finding is supported by the evidence. As the People accurately argue, "Though [Banuelos'] opening brief repeatedly references section 1172.1's presumption in favor of recall and resentencing, he fails to account for the fact that this presumption was overcome by the trial court's finding that [Banuelos] currently posed an unreasonable risk of danger to public safety, as defined in subdivision (c) of section 1170.18."

Under subdivision (a)(4) of section 1172.1, "In recalling and resentencing pursuant to this provision, the court shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that

---

11418. [¶] (VIII) Any serious or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(I)-(VIII).)

6

reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."

As the trial court noted, between the ages of 18 and 25, Banuelos was convicted five times, including a felony conviction for assault with a deadly weapon for stabbing someone, and another felony conviction for possessing a firearm as a convicted felon. The trial court also noted that at the time of the murder in this case, Banuelos was on two grants of formal felony probation and was a gang member "entrenched in the gang lifestyle." Ultimately, the trial court concluded that while Banuelos had demonstrated a recent commitment to self-improvement, such improvement in personal conduct was outweighed by his prior criminal conduct, and his nonconforming behavior during his first 13 years in prison. This was not an abuse of discretion for the trial court to do so.

While a generalized reference to past crimes may be insufficient to overcome the presumption in favor of resentencing in some cases, here the court appropriately looked to the highly violent and serious nature of the specific criminal background of Banuelos. Based on the totality of the record, the trial court reasonably could find that Banuelos posed a risk of danger to public safety within the meaning of section 1172.1. The evidence showed that Banuelos had an extensive criminal history, including multiple convictions and probation violations.

In 1998, at the age of 25, Banuelos began serving the sentence for his current conviction, where he continued to exhibit unlawful and violent behavior for many years. From 1998 to 2017, his record includes 31 violations of prison rules or counseling Chronos. However, in 2017, after nearly 20 years of incarceration, Banuelos began to show improvement, following prison regulations, managing his violent impulses, and reflecting on his criminal past. Despite these positive changes, his extensive disciplinary record prior to 2017 indicates that Banuelos still poses an unreasonable risk to public safety. The considerations that Banuelos points to on appeal — the recommendation of the CDCR, his significant efforts at rehabilitation, and the presumption in favor or

7

resentencing — do not show the court abused its discretion by relying on the severity of his prior crimes and his disciplinary record while incarcerated.

Considering Banuelos' nearly 30 years of criminal behavior, violent actions, and persistent disregard for the law, the trial court's conclusion that recalling his sentence would pose an unreasonable risk to public safety was both reasonable and well-supported by the evidence. (See *People v. Jefferson* (2016) 1 Cal.App.5th 235, 245.) On this record, the trial court's decision was not so irrational or arbitrary that no reasonable person could agree with it. (*People v. Sandoval, supra*, 41 Cal.4th at p. 847.) Banuelos has failed to show an abuse of discretion in the resentencing decision.

Accordingly, we conclude the trial court properly found that Banuelos posed an unreasonable risk of danger to public safety and did not abuse its discretion when declining to recall and resentence.

## DISPOSITION

The order denying recall and resentencing is affirmed.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
BOULWARE EURIE, J.

_____/s/_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.